IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00759-LTB-CBS

MICHAEL WHITINGTON,
        Plaintiff,
v.

JOE ORTIZ,
AL ESTEP,
STEVEN GREEN,
DALAYNE TORNOWSKI,
STEVEN LOCKHART,
THOMAS BULLARD,
SGT. OLSEN,
SGT. HUFF,
C/O BARNS,
LT. JOHN CORDOVA, and
LT. ADELMAN,
        Defendants.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on:

1.      "Defendant Bullard's Motion for Summary Judgment or in the Alternative Motion to Dismiss Revised Complaint" (filed April 4, 2007) (doc. # 61);
2.      Mr. Whitington's "Motion for Preliminary Injunction and/or Temporary Restraining Order Pursuant to Rule 65(a) and (b) F.R.C.P." (filed April 9, 2007) (doc. # 64);
3.      Mr. Whitington's "Motion to Supplement and Amend Prisoner Complaint Pursuant to Rule 15(a) and (d) Fed. R. Civ. P." (filed May 3, 2007) (doc. # 79); and
4.      "Defendants' Motion to Dismiss Plaintiff's Amended Complaint" (filed May 14, 2007) (doc. # 87).

        Pursuant to the Order of Reference dated February 7, 2007 (doc. # 44) and the

memoranda dated April 5, 2007 (doc. # 63), April 10, 2007 (doc. # 65), May 4, 2007 (doc.

# 81), and May 15, 2007 (doc. # 89), these matters were referred to the Magistrate Judge.

The court has reviewed the Motions, the Briefs (filed April 4, 2007 and May 14, 2007

(docs. # 62 and # 88)), the Responses (filed June 25, 2007 and July 2, 2007 (docs. # 107,

# 108, # 109, and # 110), Mr. Whitington's Reply (filed July 9, 2007 (doc. # 112)), Mr.

Whitington's Supplements (filed May 25, 2007 and July 11, 2007 (docs. # 101 and # 116)),

the pleadings and exhibits, and the entire case file and is sufficiently advised in the premises.

I.     Statement of the Case

Mr. Whitington is currently incarcerated at the Sterling Correctional Facility ("SCF") in Sterling, Colorado.  Proceeding *pro se*, Mr. Whitington filed his initial Complaint on or about April 2, 2006.  On July 17, 2006, at the direction of the court (*see* "Order Directing Plaintiff to File an Amended Complaint and to Show Cause" (doc. # 6)), Mr. Whitington filed his Amended Prisoner Complaint ("Amended Complaint") (doc. # 15).  On August 4, 2006, the District Court dismissed the Amended Complaint for failure to exhaust administrative remedies.  (*See* "Order and Judgment of Dismissal" (doc. # 17)).  On January 25, 2007, the Tenth Circuit Court of Appeals reversed the District Court's decision dismissing the Amended Complaint and remanded to the District Court.  *See Whitington v. Ortiz*, 472 F.3d 804 (10th Cir. 2007).

Mr. Whitington alleges pursuant to 42 U.S.C. § 1983 that "his constitutional rights were violated because (1) officials of the Colorado Department of Corrections ("CDOC") denied him access to free hygiene products in violation of the Eighth Amendment prohibition on cruel and unusual punishment and (2) the CDOC's polices regarding prisoner payment for hygiene items forced him to choose between litigating his four lawsuits pending in state court or paying for hygiene items and dental care in violation of his Eighth, Fourteenth, Fifth and First Amendment rights."  *Whitington*, 472 F.3d at 806. Mr. Whitington alleges that the CDOC permits him to carry a negative balance in his inmate account to pay for copies, postage, and medical appointment co-pays.  (*See* Amended Complaint (doc. # 15) at p. 6 of 29 ¶ 9).  The CDOC deducts 50% of deposits to his account to offset the negative balance.  (*See id.*).  Mr. Whitington also alleges that the CDOC deducts 20% of deposits to his account to pay the filing fee for one of his state court cases.  (*See* Amended Complaint (doc. # 15) at p. 6 of 29 ¶ 10).  Mr. Whitington

2

contends that while incarcerated at the Limon Correctional Facility, the Fort Lyon Correctional Facility, the Kit Carson Correctional Facility, and SCF,

> he was and is unable to pay for hygiene items out of his prison income after the CDOC debits his prison account to pay for restitution, medical care, legal photocopies, and legal postage. He therefore requested free basic hygiene products from prison officials, who refused his requests pursuant to CDOC policy. As a result, Mr. Whitington was without hygiene products for extended periods of time, which he alleges caused him to suffer gum infection requiring surgery and the loss of a tooth.

*Whitington*, 472 F.3d at 806.  The Tenth Circuit clarified that Mr. Whitington's Amended Complaint does not include a "claim separate from his first two claims" for "an unconstitutional delay in receiving dental care."  *Whitington*, 472 F.3d at 808.

Mr. Whitington sues Defendant Ortiz in his individual and official capacity and all other Defendants in their individual capacities. (*See* Amended Complaint (doc. # 15) at p. 4 of 29). Mr. Whitington seeks damages as well as declaratory and injunctive relief. (*See* Amended Complaint (doc. # 15) at p. 29 of 29).

Mr. Whitington has moved pursuant to Fed. R. Civ. P. 65 for a preliminary injunction and/or a temporary restraining order and pursuant to Fed. R. Civ. P. 15(a) and (d) to further amend the Amended Complaint.  Defendants have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Amended Complaint for several reasons: (1) Defendant Ortiz is entitled to sovereign immunity to the extent that he is sued in his official capacity; (2) failure to allege personal participation by Defendants Ortiz and Estep; (3) failure to state a claim upon which relief can be granted under the Eighth Amendment; and (4) Defendants are entitled to qualified immunity.  Without citing to any of the Federal Rules, Defendant Bullard has moved for dismiss of and for summary judgment on the Amended Complaint.

II.   Defendants' Motion to Dismiss

The court is empowered to dismiss an action "for failure to state a claim upon which

relief can be granted." Fed. R. Civ. P. 12(b)(6). The court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, — F. 3d —, —, 2007 WL 2019752 at * 3 (10th Cir. (N. M.) July 13, 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)). The court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado*, 2007 WL 2019752 at * 3 n. 2 (citing *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ----, 127 S. Ct. 1955, 1968-69 (2007) ("the old standard, 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' is 'best forgotten as an incomplete, negative gloss on an accepted pleading standard'")).[1]

Because Mr. Whitington appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

A.    Analysis

Section 1983 creates a cause of action where a "person . . . under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any

---

[1]    The court notes that its Recommendation in this case would be the same regardless of whether it applied "the old 'no set of facts' standard, *see, e.g., David*, 101 F.3d at 1352, or . . . either a plausibility standard or a requirement that the complaint include factual allegations sufficient to 'raise a right to relief above the speculative level.'" *See Alvarado v. KOB-TV, L.L.C.*, — F. 3d at —, 2007 WL 2019752 at * 3 n. 2. (citing *Bell Atlantic Corp.*, 127 S. Ct. at 1965).

rights, privileges or immunities secured by the Constitution." Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979). To establish a claim under § 1983, a plaintiff must prove he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

1.      Liability of Defendant Ortiz in his Official Capacity

Mr. Whitington brings his claims against Defendant Ortiz in both his individual capacity and his official capacity. (*See* Amended Complaint (doc. # 15) at p. 4 of 29). To the extent that Mr. Whitington is suing Defendant Ortiz in his official capacity, he is actually attempting to impose liability on Defendant Ortiz' employer, the Colorado Department of Corrections ("CDOC"). *See Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) ("[a] judgment against a public servant in his official capacity imposes liability on the entity he represents"); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state). The CDOC is considered an agency of the State of Colorado. *See* Colo. Rev. Stat. § 24-1-128.5. States and state officials sued in their official capacities are not "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Absent a waiver, the Eleventh Amendment forbids a suit for damages against a state in federal court. *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). Such entities cannot be sued for monetary damages arising from alleged conduct which deprives a plaintiff of his or her civil liberties. The Eleventh Amendment confers total immunity from suit, not merely a defense to liability. *Ambus*, 995 F.2d at 994 (citation omitted). To the extent that Mr. Whitington seeks

damages, his claims against Defendant Ortiz in his official capacity are properly dismissed with prejudice.

2.      Liability under § 1983 of Defendants in their Individual Capacities

The Eleventh Amendment does not bar actions for damages against state officials in their individual capacities. *Kentucky v. Graham*, 473 U.S. 159, 164 (1985).  To the extent that Mr. Whitington is suing Defendants in their individual capacities, personal capacity suits pursuant to § 1983 seek to impose personal liability upon a government official for actions he or she takes under color of state law. *Graham*, 473 U.S. at 165-67.

a.      Failure to State Claim Against Defendants Ortiz and Estep

Individual liability under § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility. *See Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997) (individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation) (citation omitted); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation is an essential allegation in a civil rights action) (citation omitted); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim.").  A defendant may not be held liable merely because of his or her supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996).  There must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A plaintiff must allege in the complaint and prove at trial an affirmative link between the alleged constitutional violation and a defendant's participation.  *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001).

Defendants Ortiz and Estep argue that Mr. Whitington has failed to plead sufficient

facts to demonstrate that they had any personal participation in or any supervisory liability for the alleged violations of Mr. Whitington's constitutional rights. The court agrees. Mr. Whitington alleges no specific conduct by Defendants Ortiz or Estep. Mr. Whitington merely alleges that these two Defendants are responsible for CDOC policy and for supervising CDOC employees. (*See* Amended Complaint (doc. # 15) at p. 6 ¶ 186, p. 11 ¶ 72, p. 16 ¶ 133, p. 21 ¶ 152, and p. 22 ¶¶ 154-159). Mr. Whitington has not pled that Defendants Ortiz or Estep had any direct contact with him, that Defendants Ortiz or Estep were present during any of the conduct alleged, or that Defendants Ortiz or Estep actually knew of and acquiesced in the specific alleged violations. As Mr. Whitington has failed to allege a basis for holding them individually liable under §1983, Defendants Ortiz and Estep are properly dismissed from this civil action.

   b.      Failure to State Eighth Amendment Claim[2]

---

[2]      Mr. Whitington cites the Eighth Amendment as the basis for his Claims One and Two. (*See* Amended Complaint (doc. # 15) at pp. 7, 19 of 29). In the heading for Claim Three, Mr. Whitington cites the Eighth, Fourteenth, and First Amendments. (*See* Amended Complaint (doc. # 15) at p. 22 of 29). In the allegations supporting Claim Three, Mr. Whitington mentions the Eighth and First Amendments. (*See* Amended Complaint (doc. # 15) at pp. 26, 27 of 29).
      Despite his reference to the First Amendment, Mr. Whitington presents no argument based on the First Amendment. It is unclear whether Mr. Whitington invokes the Fourteenth Amendment because the Eighth Amendment applies to the states only through the Fourteenth Amendment or because he is attempting to allege a violation of his substantive due process rights. The Tenth Circuit Court of Appeals "previously noted that where constitutional protection is afforded under specific constitutional provisions, alleged violations of the protection should be analyzed under those provisions and not under the more generalized provisions of substantive due process." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (citation omitted). Further, a claim made by a convicted inmate such as Mr. Whitington is recognized under the Eighth Amendment test of deliberate indifference. *See Frohmader v. Wayne*, 958 F.2d 1024, 1028 (10th Cir. 1992) (claim for inadequate medical attention is recognized under the Eighth Amendment test of deliberate indifference to serious medical needs) (citation omitted). Denial of personal hygiene items may give rise to an Eighth Amendment violation. *Chandler v. Baird*, 926 F.2d 1057, 1065 (11th Cir.1991). Thus, the court will review Mr. Whitington's claims under the Eighth Amendment. *Riddle*, 83 F.3d at 1202.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. Amend. VIII.   "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted).   Certain conditions of confinement, if they inflict pain unnecessarily and wantonly, may constitute cruel and unusual punishment under the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

An Eighth Amendment claim includes both an objective component, whether the deprivation of a basic human need is sufficiently serious, and a subjective component, whether the officials acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  As for the objective component, "extreme deprivations" are required to make out a conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).  In a conditions-of-confinement case, a "sufficiently serious" deprivation is shown when "a prison official's act or omission . . . result[s] in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

The subjective component follows from the principle that "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297).  The "deliberate indifference" subjective standard applies to claims of inhumane conditions of confinement. *Wilson*, 501 U.S. at 303-04.  A finding of deliberate indifference requires a showing that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.  Under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Mr. Whitington alleges he was subjected to cruel and unusual punishment in

violation of the Eighth Amendment because the removal of funds from his prison account left him without the funds necessary to purchase items for his basic hygiene.  A denial of personal hygiene items may violate the Eighth Amendment only where the denial deprives an inmate of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  *See also Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (repeated deprivation of adequate personal hygiene supplies violates Eighth Amendment).

As to the objective component of an Eighth Amendment claim, Mr. Whitington's allegations do not state a claim for deprivation of "the minimal civilized measure of life's necessities."  *Rhodes*, 452 U.S. at 347.  Mr. Whitington's own allegations indicate that he has chosen to spend his available funds on postage and copying related to his several lawsuits rather than on hygiene items.  (*See, e.g.,* Amended Complaint (doc. # 15) at pp. 7, 8, 9, 11, 14 of 29;  Exhibits to Mr. Whitington's Memorandum Brief (doc. # 5-2) at pp. 2, 4 of 7;  Mr. Whitington's Declaration (doc. # 95-2) at pp. 4-6 of 15;  Mr. Whitington's Declaration (doc. # 116) at p. 5 of 9).  For example, between May 1, 2007 and June 11, 2007, Mr. Whitington spent $41.88 on filing fees, postage, and copying related to his lawsuits, while spending only $.34 on hygiene items.  (*See* Mr. Whitington's Declaration (doc. # 116) at p. 5 of 9).  Between June 12, 2005 and July 12, 2005, Mr. Whitington spent $47.06 on postage and copying, while spending nothing on hygiene items.  (*See* Mr. Whitington's Motion for Preliminary Injunction and/or Temporary Restraining Order (doc. # 64) at p. 4 of 11).  Mr. Whitington's own allegations state that he "did not ever have any money on his account due to his legal work."  (*See* Amended Complaint (doc. # 15) at p. 8 of 29 ¶ 28).[3]

---

[3]   Mr. Whitington has expended no funds from his inmate account for this lawsuit (*see, e.g.*, inmate trust account statements (docs. # 111, # 96, # 78, # 57, # 50, # 41, # 39, # 38, # 33, # 30, # 16, # 12); Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial Partial Filing Fee (doc. # 2)) or his other federal lawsuits (*see* Civil Action Nos. 06-cv-00050-ZLW, 06-cv-01245-PSF-CBS, and 07-cv-00663-LTB-CBS).

As hygiene items are inexpensive, Mr. Whitington had sufficient funds each month to purchase such items. (*See, e.g.,* Mr. Whitington's Declaration (doc. # 95-2) at p. 14 of 15;  Exhibits to Mr. Whitington's Memorandum Brief (doc. # 5-3) at pp. 12-13 of 13;  Amended Complaint (doc. # 15) at p. 10 of 29 ¶ 56).  Mr. Whitington's allegations indicate that he purchased and received hygiene items. (*See* Amended Complaint (doc. # 15) at p. 10 of 29 ¶ 58; p. 12-13 of 29 ¶ 81; p. 14 of 29 ¶¶ 94, 100; p. 15 of 29 ¶¶ 109, 114).  In December of 2005, Mr. Whitington received $110.00 into his account, leaving $58.04 to purchase hygiene items even after other "account levies." (*See* Amended Complaint (doc. # 15) at p. 14 of 29 ¶¶ 92-94).[4]

The law of the Tenth Circuit supports the court's conclusion that the Eighth Amendment does not require prison officials to provide hygiene products free of charge to inmates who are capable of purchasing such items on their own.  Denying Mr. Whitington indigent status while he was receiving inmate pay and "thus requiring him to purchase his own hygiene supplies . . . does not constitute cruel and unusual punishment." *Scott v. Case Manager Owens (SCF)*, 80 Fed. Appx. 640, 643 (10th Cir. (Colo.) Nov. 7, 2003) (Exhibit B to Defendants' Motion to Dismiss (doc. # 88-3)).  Mr. Whitington's "personal choice between spending his funds on hygiene products or unspecified litigation costs . . . is insufficient to state a claim on which relief may be given." *Gross v. Koury*, 78 Fed. Appx. 690, 695 (10th Cir. (Colo.) Oct. 20, 2003) (Exhibit A to Defendants' Motion to Dismiss (doc. # 88-2)).  "To require a prisoner who wishes to prosecute a legal action to have to choose occasionally between stamps and hygiene items is 'certainly no more a restriction than that which any indigent pro se non-prisoner must face.'" *Smith v. Cooper*, 2 F.3d 1161 at * 4 (10th Cir. (Colo.) Aug. 9, 1993) (Exhibit C to Defendants' Motion to

---

[4]    While Mr. Whitington complains that he could only order hygiene items on Thursdays, his allegations show that he had funds available to do so. (*See, e.g.,* Amended Complaint (doc. # 15) at p. 9 of 29 ¶¶ 43-48 (funds were in his account for 8 days before deductions were made)).

Dismiss (doc. # 88-4) (quoting *Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978)).  As Mr. Whitington's allegations demonstrate that he could purchase hygiene items with money from his own account, the court concludes that Mr. Whitington fails to state a claim upon which relief can be granted.

Further, CDOC policies permit indigent inmates to receive hygiene items without charge.  While Mr. Whitington was receiving inmate pay, he did not qualify as indigent for purposes of receiving hygiene items free of charge.  Mr. Whitington's allegations indicate that he was provided hygiene items without charge when he was indigent.  (*See, e.g.,* Amended Complaint (doc. # 15) at p. 13 of 29 ¶ 89; p. 16 of 29 ¶ 128).  The Tenth Circuit recently rejected an Eighth Amendment claim based on allegations similar to Mr. Whitington's.  *See Sellers v. Worholtz*, 86 Fed. Appx. 398 (10th Cir. 2004).[5]  In *Sellers*, the plaintiff alleged that the automatic deduction of fees from his inmate account to satisfy his obligations under K.A.R. § 44-5-115 constituted cruel and unusual punishment.  The Tenth Circuit held that the plaintiff could apply every month for an indigent package which contained necessary hygiene products, and that he therefore failed to state a claim for violation of the Eighth Amendment.  *Sellers*, 86 Fed. Appx. at 400.  As Mr. Whitington received free hygiene items when he was indigent, he fails to state a claim for cruel and unusual punishment.

As to the subjective component of an Eighth Amendment  claim, an inmate must also allege that prison officials were deliberately indifferent to his safety or health.  "In other words, plaintiff must allege that defendants knew of and disregarded an excessive risk to inmate health and safety."  *Owens v. Sebelius*, 357 F. Supp. 2d 1281, 1285-86 (D. Kan. 2005) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  Even if Mr. Whitington has alleged that Defendants denied him basic hygiene supplies, he has not alleged that Defendants acted with deliberate indifference to his health and safety.  *See Waters v.*

---

[5]   Copies of cited unpublished cases are attached to this Recommendation.

*Bass*, 304 F. Supp. 2d 802, 811 (E.D. Va. 2004) (no deliberate indifference based on deduction of room and board fees from inmate account); *Owens*, 357 F. Supp. 2d at 1286 ("[T]o the extent that the temporary deprivation of basic hygiene items could constitute an Eighth Amendment violation, plaintiff has not alleged that defendants were aware of an 'excessive risk' to his health and safety.") (quoting *Farmer*, 511 U.S. at 837) (other citations omitted); *Taylor v. Sebelius*, 189 Fed. Appx. 752, 757 (10th Cir. (Kan.) July 21, 2006) (because prison provided basic necessities to indigent inmates without charge, plaintiff could not show necessary deprivation or that Defendants acted with the requisite culpable state of mind); *Breakiron v. Neal*, 166 F. Supp. 2d 1110, 1115-16 (N.D. Tex. 2001) (health care deductions from inmate trust account not deliberate indifference).  By his own allegations, Mr. Whitington was denied free hygiene items because he received inmate pay.  (*See, e.g.,* Amended Complaint (doc. # 15) at p. 7 of 29 ¶ 15, p. 9 of 29 ¶ 46, p. 13 of 29 ¶ 90).

In sum, the Amended Complaint is properly dismissed for failure to state a claim upon which relief can be granted.

    c.    Defendants Dalayne Tornowski and Steven Lockhart

As the court has determined that Mr. Whitington has failed to state a claim for any constitutional violation, this civil action is properly dismissed as to Defendants Tornowski and Lockhart.

Further, Defendants Tornowski and Lockhart may be dismissed based on Mr. Whitington's failure to provide proof of service of the summons and complaint on Defendants Tornowski and Lockhart within 120 days after the filing of the complaint.  As Mr. Whitington is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court ordered service of the Amended Complaint on Defendants by the United States Marshal. (*See* doc. # 45).  Pursuant to the court's February 12, 2007 "Order Granting Service by

United States Marshal," a representative of the U.S. Marshal attempted to serve Defendants Tornowski and Lockhart.  On February 15, 2007, the court was notified that Defendants Tornowski and Lockhart were no longer CDOC employees and provided Post Office Box numbers as forwarding addresses.  (*See* doc. # 49).  Based on the information before the court, Defendants Tornowski and Lockhart cannot be served at the address provided by Mr. Whitington.  Nor can personal service be accomplished at a Post Office Box address.

Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without prejudice as to any defendant who has not been served within 120 days of the filing of the action:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Approximately sixteen months have passed since the filing of this civil action and the record before the court indicates that Defendants Tornowski and Lockhart have not been served with a summons and complaint in this action.  To date, Defendants Tornowski and Lockhart have not filed with the Clerk of the Court a signed waiver of service or otherwise appeared in this civil action.

While an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint, there is no indication in this case that the U.S. Marshal or the Clerk of the Court have failed to perform their duties to serve Defendants Tornowski and Lockhart.  The U.S. Marshal has attempted service at the addresses provided by Mr. Whitington.  Personal service cannot be accomplished at the Post Office Box forwarding addresses.  The court need not require the U.S. Marshal or the Clerk of the Court to search for Defendants Tornowski and Lockhart.  As Mr. Whitington has not provided proof of service of the summons and complaint on Defendants Tornowski

and Lockhart within 120 days after the filing of the complaint, Defendants Tornowski and

Lockhart are properly dismissed from this civil action pursuant to Rule 4(m) for failure to

effect service and pursuant to D.C. COLO. LR 41.1 for failure to prosecute.


     d.    Qualified Immunity

Defendants raise the defense of qualified immunity.   Whether Defendants are

entitled to qualified immunity is a legal question.  *Wilder v. Turner*, 490 F.3d 810, 813 (10th

Cir.  2007).

> When [a defendant] asserts a defense of qualified immunity, the plaintiff
> bears a heavy two-part burden. Initially, the plaintiff must show the
> [defendant]'s conduct violated a constitutional right: A court required to rule
> upon the qualified immunity issue must consider, then, this threshold
> question: Taken in the light most favorable to the party asserting the injury,
> do the facts alleged show the [defendant]'s conduct violated a constitutional
> right? If the [defendant]'s conduct did not violate a constitutional right, the
> inquiry ends and the [defendant] is entitled to qualified immunity.

*Wilder*, 490 F.3d at 813 (internal quotation marks and citations omitted).  *See also Wilson*

*v. Layne*, 526 U.S. 603, 609 (1999) (a court evaluating a claim of qualified immunity "must

first determine whether the plaintiff has alleged the deprivation of an actual constitutional

right at all, and if so, proceed to determine whether that right was clearly established at the

time of the alleged violation.") (citation omitted);  *Butler v. City of Prairie Village, Kansas*,

172 F.3d 736, 745 (10th Cir. 1999) (court "must first determine 'whether the plaintiff has

sufficiently alleged that the defendant violated a statutory or constitutional right' . . . If the

plaintiff has asserted such a deprivation, *only then* do we inquire 'whether the right was

clearly established such that a reasonable person in the defendant's position would have

known that his or her conduct violated that right' ") (citation omitted).

Having concluded above that Mr. Whitington has failed to establish a violation of

the Eighth Amendment, the court need proceed no further on the qualified immunity issue.

*See Christiansen v. City of Tulsa*, 332 F.3d 1270, 1278 (10th Cir. 2003) (court "need not

reach the question of whether the individual defendants are entitled to qualified immunity

if [it] determine[s]. . . , that plaintiffs failed to sufficiently allege the violation of a constitutional right").

III.     Defendant Bullard's Motion to Dismiss or for Summary Judgment

As the court has determined that Mr. Whitington has failed to state a claim for any constitutional violation, this civil action is properly dismissed as to Defendant Bullard.

Further, an individual cannot be held liable in a section 1983 action unless he "participated or acquiesced" in an alleged constitutional violation. *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Defendant Bullard was acting as a temporary Step III Grievance Officer during April, May, and June 2006. (*See* Amended Complaint at p. 4 of 29 ¶ 7). Mr. Whitington alleges the unconstitutional deprivation of hygiene items as a result of CDOC policies. Mr. Whitington has not alleged that Defendant Bullard was responsible for the policies or that Defendant Bullard in any way caused or participated in the alleged constitutional violations. The only allegation Mr. Whitington makes against Defendant Bullard is that on May 25, 2006, he issued a response denying Mr. Whitington's grievance requesting hygiene items. (*See* Amended Complaint at p. 15 of 29 ¶ 122; Mr. Whitington's Response (doc. # 107) at pp. 1, 2, 3). Mr. Whitington attempts to hold Defendant Bullard liable solely on the basis that he denied a grievance. Defendant Bullard cannot be held liable under § 1983 for an alleged constitutional violation for which he was not directly responsible. *See Downing v. Clinton*, 2006 WL 3054314, * 15 (E. D. Wash. 2006) (in granting motion to dismiss, held that defendant's receipt of grievances did not establish her personal participation in decisions relating to medical care); *Johnson v. G.E.O./Lawton Correctional Facility*, 2005 WL 2739212 (W.D. Okla. 2005) (holding that plaintiff failed to state a claim for relief based upon a defendant's participation in the processing of a grievance).

IV.     Motion to Amend

Mr. Whitington moves pursuant to Fed. R. Civ. P. 15(a) and (d) to further amend and/or supplement his Amended Complaint to allege "supplemental facts" regarding the ongoing denial of hygiene items, Defendant Bullard's involvement in and liability for the constitutional violations, and to name three Defendants not named in the Amended Complaint.  (*See* Mr. Whitington's Motion to Amend (doc. # 79) at pp. 1-2).  Defendants oppose Mr. Whitington's proposed amendment as: (1) not properly filed; (2) prejudicial, and (3) futile.

Motions to amend are committed to the trial court's discretion.  *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).  Leave to amend should be freely given based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and prejudice to the opposing party.  *Moore v. Reynolds*, 153 F.3d 1086, 1116 (10th Cir. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)).

Nevertheless, "[t]he broad permissive language appearing in both the rule and the cases does not mean that there are no standards by which the trial court is to be guided." *Moore v. U.S./U.S. Dept. of Agriculture Forest Service*, 864 F. Supp. 163, 164 (D. Colo. 1994) (internal quotation marks and citation omitted).  Although Fed. R. Civ. P. 15(a) requires leave to amend be given freely, that requirement does not apply where an amendment obviously would be futile.  *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citations omitted).  Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted.  *T.V. Communications Network, Inc.*, 964 F.2d at 1028.  *See also Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (internal quotation marks and citation omitted);  *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001) (In order to

determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)).

Mr. Whitington's proposed amendment arises out of the same set of facts underlying the Amended Complaint.  Mr. Whitington's proposed amendment and/or supplement is futile because it fails to add any claims for which relief may be granted.  The proposed amendments would be subject to dismissal for the same reasons set forth in the court's analysis in parts II. and III. of this Recommendation, above: (1) Mr. Whitington's section 1983 claims for damages against Defendant Ortiz in his official capacity are barred by the Eleventh Amendment, (2) Mr. Whitington's section 1983 claims against Defendants Ortiz and Estep in their individual capacities fail for lack of personal participation, (3) Mr. Whitington fails to state a claim against Defendant Bullard, and (4) Mr. Whitington fails to state a claim for violation of the Eighth Amendment.

The court may also deny a motion to amend a complaint for failure to submit the proposed amendment.  *See Lambertson v. Utah Dept. of Corrections*, 79 F.3d 1024, 1029 (10th Cir. 1996) (district court did not abuse its discretion in denying plaintiff's motion to amend for failure to provide adequate explanation for delay in seeking amendment and for failure to provide a copy of the proposed amended pleading).  Mr. Whitington has submitted only the portion that he wishes to add to the Amended Complaint.  (*See* doc. # 79-2).  He has not submitted a copy of a complete proposed Amended Complaint.

Finally, Defendants would be prejudiced by the proposed amendment.  For example, Mr. Whitington alleges conduct by Sgt. Kauffman and Lt. Lucero-Cannon in September, October, and December of 2006.  (*See* doc. # 79-2 at ¶¶ 131. R., W., HH., and JJ.).  Mr. Whitington has provided no explanation why he did not attempt to include Sgt. Kauffman and Lt. Lucero-Cannon in his pleadings until May 3, 2007, one month after Defendant Bullard filed his dispositive motion, and eleven days before Defendants filed

their dispositive motion.

In sum, Mr. Whitington's Motion to Amend is properly denied as futile, not properly filed, and prejudicial to the Defendants.

V.      Motion for Preliminary Injunction and/or Temporary Restraining Order

Mr. Whitington seeks an order "requiring the CDOC to supply the plaintiff with hygiene items in ample supply for each month or the funds to purchase the hygiene from the CDOC canteen department [sic]." (*See* Mr. Whitington's Motion for Preliminary Injunction and/or Temporary Restraining Order (doc. # 64) at p. 2 of 11 ¶ 12).

In order to be entitled to a preliminary injunction or a temporary restraining order pursuant to Fed. R. Civ. P. 65, the moving party must establish: "(1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest." *Kikumura v. Hurley,* 242 F.3d 950, 955 (10th Cir. 2001) (citation omitted). "As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991) (citation omitted).

"Because the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . : (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258-59 (10th Cir. 2005) (internal quotation marks and citations omitted). "Such disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case

support the granting of a remedy that is extraordinary even in the normal course." *Schrier*, 427 F.3d at 1259 (internal quotation marks and citation omitted).

Mr. Whitington seeks a mandatory injunction requiring Defendants to provide him with hygiene items or funds to purchase hygiene items "in ample supply for each month." (*See* doc. # 64 at p. 2 of 11 ¶ 12). The relief sought would alter rather than preserve the status quo. The relief sought would also provide Mr. Whitington substantially all the relief he may recover after a full trial on the merits. For these reasons, the injunctive relief sought by Mr. Whitington "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *Schrier,* 427 F.3d at 1259, 1261.

A.    Substantial Likelihood of Success on the Merits of the Case

The gist of Mr. Whitington's Amended Complaint is that he has limited funds and that he is having to choose between paying for postage and copying related to his several lawsuits and paying for hygiene items. The court has determined in parts II. and III. of this Recommendation, above, that: (1) Mr. Whitington's section 1983 claims for damages against Defendant Ortiz in his official capacity are barred by the Eleventh Amendment, (2) Mr. Whitington's section 1983 claims against Defendants Ortiz and Estep in their individual capacities fail for lack of personal participation, (3) Mr. Whitington fails to state a claim against Defendant Bullard, and (4) Mr. Whitington fails to state a claim for violation of the Eighth Amendment. Mr. Whitington has not demonstrated a sufficient likelihood of success on the merits.

B.    Irreparable Harm

Next, Mr. Whitington must show that he will suffer irreparable injury if his request for preliminary injunction is denied. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Schrier*, 427 F.3d at 1267 (citation omitted).

Even "serious or substantial harm is not irreparable harm." *Schrier*, 427 F.3d at 1267 (internal quotation marks and citation omitted). "The party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Schrier*, 427 F.3d at 1267 (internal quotation marks and citation omitted).

Mr. Whitington has shown no present threat of irreparable harm. *See Schrier*, 427 F.3d at 1267 ("The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance"). By this lawsuit, Mr. Whitington has availed himself of his adequate remedy at law in the form of damages for any deprivation of hygiene items he may have suffered. The court has determined that the Amended Complaint is properly dismissed for failure to state a claim upon which relief can be granted. The record before the court demonstrates that Mr. Whitington has chosen to spend his available funds on postage and copying related to his several lawsuits rather than on hygiene items. Mr. Whitington fails to demonstrate that he will suffer irreparable injury without the injunctive relief he seeks.

C.     Balance of Parties' Interests and Whether Adverse to the Public Interest

Next, Mr. Whitington must demonstrate that "the threatened injury. . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier,* 427 F.3d at 1258. Mr. Whitington has not addressed or demonstrated whether the alleged harm to him outweighs the potential damage the injunction may cause Defendants or whether an injunction would not be adverse to the public's interest. The public has an interest in requiring inmates with available funds to purchase their own hygiene items. Mr. Whitington has failed to demonstrate these two requisite elements.

Because Mr. Whitington has failed to satisfy the four prerequisites, his request for

a preliminary injunction and or a temporary restraining order is properly denied.

Accordingly, IT IS RECOMMENDED that:

1.      "Defendants' Motion to Dismiss Plaintiff's Amended Complaint" (filed May 14, 2007) (doc. # 87) be GRANTED and this civil action be DISMISSED for failure to state a claim upon which relief can be granted.

2.      "Defendant Bullard's Motion for Summary Judgment or in the Alternative Motion to Dismiss Revised Complaint" (filed April 4, 2007) (doc. # 61) be GRANTED and Defendant Bullard be dismissed from this civil action.

3.      Mr. Whitington's "Motion for Preliminary Injunction and/or Temporary Restraining Order Pursuant to Rule 65(a) and (b) F.R.C.P." (filed April 9, 2007) (doc. # 64) be DENIED.

4.      Mr. Whitington's "Motion to Supplement and Amend Prisoner Complaint Pursuant to Rule 15(a) and (d) Fed. R. Civ. P." (filed May 3, 2007) (doc. # 79) be DENIED.


DATED at Denver, Colorado, this 27th day of August, 2007.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge