IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00759-LTB-CBS

MICHAEL WHITINGTON,
　　　　Plaintiff,
v.

DON LAWSON,
AL ESTEP,
SGT. HARDING,
SGT. OLSEN,
C/O BARNS,
LT. JOHN CORDOVA,
LT. ADELMAN,
SGT. KAUFFMAN,
LT. LUCERO-CANNON,
SGT. HUFF, and
ARISTEDES ZAVARAS,[1]
　　　　Defendants.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

Magistrate Judge Craig B. Shaffer

　　　This civil action comes before the court on "Defendants' Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss Plaintiff's Second Amended Complaint" (filed May 26, 2009) (doc. # 187).[2]  Pursuant to the Order of Reference dated February 7, 2007 (doc. # 44) and the memorandum dated May 27, 2009 (doc. # 188), this matter was referred to the Magistrate Judge.  The court has reviewed Defendants' Combined Motion and Memorandum Brief, Mr. Whitington's Response (filed

_____

[1]　　Defendant Zavaras was automatically substituted for Defendant Ortiz in his official capacity.  *See Whitington v. Ortiz*, 307 Fed. Appx. 179, 190 (10th Cir. 2009) ("We note Mr. Ortiz is no longer the Executive Director of the Colorado Department of Corrections.  That position is presently occupied by Mr. Aristedes Zavaras, who is automatically substituted for Mr. Ortiz in his official capacity.").  Mr. Whitington also named Defendant Zavaras in the most recent version of his pleading.  (*See* Third Amended Complaint ("TAC") (doc. # 180)).

[2]　　Based upon the court's May 5, 2009 Order (doc. # 179) granting Mr. Whitington's May 1, 2009 Motion to Amend the Plaintiff's Prisoner Complaint and accepting the TAC for filing, Defendants' Motion is more correctly directed to the TAC (doc. # 180).

June 23, 2009) (doc. # 195), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.      Statement of the Case

Mr. Whitington is currently incarcerated at the Sterling Correctional Facility ("SCF") of the Colorado Department of Corrections ("CDOC") in Sterling, Colorado.  Proceeding *pro se*, Mr. Whitington filed his initial Complaint on or about April 20, 2006.  (*See* doc. # 3).  On July 17, 2006, at the direction of the court (*see* "Order Directing Plaintiff to File an Amended Complaint and to Show Cause" (doc. # 6)), Mr. Whitington filed his Amended Prisoner Complaint ("Amended Complaint") (doc. # 15).   On August 4, 2006, the District Court dismissed the Amended Complaint for failure to exhaust administrative remedies.  (*See* "Order and Judgment of Dismissal" (doc. # 17)).  On January 25, 2007, the Tenth Circuit Court of Appeals reversed the District Court's decision dismissing the Amended Complaint and remanded to the District Court.  *See Whitington v. Ortiz*, 472 F.3d 804 (10th Cir. 2007). On remand, on October 1, 2007, the District Court adopted the Recommendation of the Magistrate Judge and dismissed the Amended Complaint for failure to state a claim upon which relief could be granted, among other rulings.  (*See* Order (doc. # 126)).   On January 13, 2009, the Tenth Circuit Court of Appeals affirmed in part, reversed in part, and remanded to the District Court for further proceedings.  *See Whitington v. Ortiz*, 307 Fed. Appx. 179 (10th Cir. 2009).

On the second remand, Mr. Whitington twice amended his pleadings.  On March 31, 2009, the court granted Mr. Whitington's Motion to Amend and Supplement the Plaintiff's Complaint and accepted Mr. Whitington's Second Amended Complaint for filing.  (*See* Order (doc. # 160); Second Amended Complaint (doc. # 161)).  On May 5, 2009, the court granted Mr. Whitington's Motion to Amend the Plaintiff's Prisoner Complaint and accepted Mr. Whitington's Third Amended Complaint for filing.   (*See* Order (doc. # 179); Third

Amended Complaint ("TAC") (doc. # 180)).

Mr. Whitington alleges pursuant to 42 U.S.C. § 1983 that: (1) "Defendants['] denial of hygiene items to plaintiff was cruel and unusual punishment, violating the Eighth Amendment;" and (2) "the CDOC's indigent, inmate pay, inmate banking, hygiene purchasing, legal copies and postage, and medical costs policies force the plaintiff to cho[o]se between accessing the courts, accessing medical care or receiving ample hygiene supplies each month." (*See* TAC (doc. # 180) at pp. 6, 14 of 18). Mr. Whitington alleges that he "sues all of the named defendants in their individual capacity and sues A[r]istedes Zavaras in his official capacity. . . A[r]istedes Zavaras is sued in his individual capacity as well." (*See* TAC (doc. # 180) at p. 13 of 18. Mr. Whitington seeks declaratory and injunctive relief, and "nominal, compensatory, and punitive damages." (*See* TAC (doc. # 180) at p. 18 of 18).

Defendants have moved pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the TAC for several reasons: (1) Mr. Whitington's claims for damages pursuant to § 1983 against Defendant Zavaras in his official capacity are barred by the Eleventh Amendment; (2) Mr. Whitington's claims against Defendant Zavaras in his individual capacity fail to state a claim for relief due to lack of personal participation; (3) Mr. Whitington fails to state a claim upon which relief can be granted under the Eighth Amendment; and (4) Defendants are entitled to qualified immunity.

II.     Standard of Review

Fed. R. Civ. P. 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir.1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise

jurisdiction when specifically authorized to do so).  Mr. Whitington bears the burden of establishing that this court has jurisdiction to hear his claims.  *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974) (burden of establishing subject matter jurisdiction is on the party asserting jurisdiction).

Fed. R. Civ. P. 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  The court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F. 3d 1210, 1215 (10th Cir. 2007) (internal quotation marks and citation omitted).  To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 127 S.Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Because Mr. Whitington appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

III.    Analysis

A.    Liability of Defendant Zavaras in his Official Capacity

Mr. Whitington brings his claims against Defendant Zavaras in both his individual capacity and his official capacity.  (*See* TAC (doc. # 180) at p. 13 of 18).  To the extent that Mr. Whitington is suing Defendant Zavaras in his official capacity, he is actually attempting

to impose liability on Defendant Zavaras' employer, the CDOC.  *See Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) ("[a] judgment against a public servant in his official capacity imposes liability on the entity he represents");  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state).  The CDOC is considered an agency of the State of Colorado.  *See* Colo. Rev. Stat. § 24-1-128.5.  Absent a waiver, the Eleventh Amendment forbids a suit for damages against a state in federal court.  *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).  To the extent that Mr. Whitington seeks damages, his claims against Defendant Zavaras in his official capacity are properly dismissed with prejudice pursuant to Rule 12(b)(1) and 12(b)(6).  Mr. Whitington's claims against Defendant Zavaras in his official capacity may proceed to the extent that he seeks only possible injunctive relief.

B.      Liability of Defendants in their Individual Capacities

The Eleventh Amendment does not bar actions for damages against state officials in their individual capacities.  *Kentucky v. Graham*, 473 U.S. 159, 164 (1985).  To the extent that Mr. Whitington is suing Defendants in their individual capacities, personal capacity suits pursuant to § 1983 seek to impose personal liability upon a government official for actions he or she takes under color of state law.  *Graham*, 473 U.S. at 165-67.

1.      Failure to State Claim Against Defendant Zavaras in his Individual Capacity

"Individual liability under 42 U.S.C. § 1983, must be based upon personal participation of the individual in the alleged constitutional violation."  *Whitington v. Ortiz*, 307 Fed. Appx. at 190 (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997) (individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation is an essential allegation in a civil rights action)).  A defendant may not be held

liable merely because of his or her supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). "There must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise." *Whitington v. Ortiz*, 307 Fed. Appx. at 190 (citing *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993)). A plaintiff must allege in the complaint an affirmative link between the alleged constitutional violation and a defendant's participation. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001).

Defendant Zavaras argues that Mr. Whitington has failed to plead sufficient facts to demonstrate that he had any personal participation in or any supervisory liability for the alleged violations of Mr. Whitington's constitutional rights. The court agrees. Mr. Whitington alleges only that he

> wrote the CDOC Executive Director Zavaras around April of 2007 and explained all of the policies that were causing him and many other inmates to be deficiant [sic] of basic hygiene items . . . The plaintiff requested that Zavaras direct his staff to give him hygiene items. Zavaras never responded or supplied the plaintiff with any hygiene items.
>
> Around June 2007 [t]he American Civil Liberties Union wrote Zavaras in behafe [sic] of the plaintiff requesting that he review his i[n]digent policies and that many inmates were being deprived of hygiene items due to his policies. Zavaras refuses to supply the plaintiff with any hygiene items after this request by the ACLU or change the policies that were depriving the plaintiff of hygiene items.

(TAC (doc. # 180) at p. 13 of 18; *see also* Response (doc. # 195 at p. 2 of 10)). Other than the receipt of two letters, there are no allegations that Defendant Zavaras had any direct contact with Mr. Whitington, was present during any of the conduct alleged, or actually participated or acquiesced in the specific alleged violations. Defendant Ortiz, for whom Defendant Zavaras was substituted, was previously dismissed on the same grounds. *See Whitington v. Ortiz*, 307 Fed. Appx. at 190 ("the allegations of the complaint show only a possible indirect involvement of the state prison administration in Mr. Whitington's personal situation . . . . The complaint fails . . . sufficiently to allege the necessary direct personal participation . . . ."). Mr. Whitington did not contest that ruling, and the Tenth Circuit

affirmed the dismissal.  *See id.*  As Mr. Whitington has failed to allege a basis for holding him individually liable under §1983, Defendant Zavaras is properly dismissed from this civil action in his individual capacity.

     2.     Eighth Amendment Claim

     a.     Deliberate Indifference

An Eighth Amendment claim includes both an objective component, whether the deprivation of a basic human need is sufficiently serious, and a subjective component, whether the officials acted with a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  As to the subjective component of an Eighth Amendment claim, prison officials may be liable if they acted with deliberate indifference to an inmate's safety or health.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A finding of deliberate indifference requires a showing that the defendant "knows of and disregards an excessive risk to inmate health or safety."  *Farmer*, 511 U.S. at 837.  Under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.  *See also Owens v. Sebelius*, 357 F. Supp. 2d 1281, 1285-86 (D. Kan. 2005) ("In other words, plaintiff must allege that defendants knew of and disregarded an excessive risk to inmate health and safety.") (citing *Farmer v. Brennan*, 511 U.S. at 837).

Defendants argue that Mr. Whitington "fails to meet the subjective component of a claim – that the Defendants were deliberately indifferent to his safety or health."  (*See* Defendants' Combined Motion to Dismiss (doc. # 187) at p. 8 of 16).  Defendants argue that "[t]here are no allegations that the Defendants acted with deliberate indifference . . . ."  (*See id.*).  However, the court notes that Mr. Whitington has specifically alleged that all Defendants except Defendants Adelman and Zavaras "knew that the lack of hygiene would cause or had the potential to cause serious harm to the plaintiff" and that "[t]hese

Defendants were deliberately indifferent to his health and safety." (*See* TAC (doc. # 180) at p. 12 of 18 ¶¶ 75-76).

> The Tenth Circuit has also specifically stated

> We likewise disagree with the conclusion that the complaint does not sufficiently alleged deliberate indifference to the situation. Although the exact term was not used, the mental state of at least most of the defendants was directly or by implication alluded to. The complaint does acknowledge that in many, if not most, instances where corrections staff refused Mr. Whitington's requests for hygiene products they did so because of CDOC governing regulations together with a review of Mr. Whitington's account to see if he had received money during the month as well as if the account showed a present balance. That impact on a deliberate indifference analysis was not explored by the district court, and, presumably, will be in further proceedings, together with an inquiry into the latitude, if any, accorded corrections staff in working around atypical situations to solve problems.

*Whitington v. Ortiz*, 307 Fed. Appx. at 189. Under the standard of review for a motion to dismiss and in light of the Tenth Circuit's analysis, the court concludes it is constrained from granting Defendants' Motion to Dismiss on this ground.


      b.    Constitutionally Protected Litigation

Defendants further argue that Mr. Whitington "fails to identify specific protected litigation which he had a protected right to incur costs and expenses [sic]," providing no "indication as to whether he was spending his money on elective, not protected litigation, rather than hygiene." (*See* Defendants' Combined Motion to Dismiss (doc. # 187) at p. 9 of 16).

> The Tenth Circuit has indicated

> there remains the significant category of Mr. Whitington's claimed protected litigation and associated costs, and the relationship of that category to the question of whether Mr. Whitington was choosing to spend his money on elective, not protected litigation, rather than hygiene. Both that litigation and the extent of the costs of that litigation are in question For example, Mr. Whitington's description of two of his actions as proceedings in habeas corpus challenging his conditions of confinement are problematic on their face.

> * * *

> Only a narrow class of legal actions is protected. Impairment of any other

> litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration. . . . Costs and expenses relating to actions which are not constitutionally protected cannot be offset against amounts available for the purchase of hygiene products.

*Whitington v. Ortiz*, 307 Fed. Appx. at 195 (citations omitted). While "[t]here is a significant difference between getting over the minimal threshold of dismissal under Fed. R. Civ. P. 12(b)(6) by relying on the bare allegations of the complaint, and thereafter having to prove those allegations," *Whitington v. Ortiz*, 307 Fed. Appx. at 194, Mr. Whitington has thus far adequately alleged "open questions . . . which must be resolved before any claim to relief is sufficiently clear. . . ." *See id* at 195-96. Again, under the standard of a motion to dismiss and in light of the Tenth Circuit's analysis, the court concludes it is constrained from granting Defendants' Motion to Dismiss on this ground.

4.    Qualified Immunity

Defendants also raise the defense of qualified immunity. Whether Defendants are entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1229 (2008). When a defendant "asserts a defense of qualified immunity, the plaintiff bears a heavy two-part burden." *Wilder*, 490 F.3d at 813 (citation omitted).

> When a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff, who must first establish that the defendant violated a constitutional right. If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. If, on the other hand, a violation has been shown, the plaintiff must then show that the constitutional right was clearly established. This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition.... The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation.... Summary judgment based on qualified immunity is appropriate if the law did not put the officer on notice that his conduct would be clearly unlawful.
>
> We have held that, for a right to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the

plaintiff maintains.

*Cortez v. McCauley*, 478 F.3d 1108, 1114-15 (10th Cir. 2007) (internal quotation marks and citations omitted).  *See also Wilson v. Layne*, 526 U.S. 603, 609 (1999) (a court evaluating a claim of qualified immunity "must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation.") (citation omitted); *Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 745 (10th Cir. 1999) (court "must first determine 'whether the plaintiff has sufficiently alleged that the defendant violated a statutory or constitutional right' . . . If the plaintiff has asserted such a deprivation, *only then* do we inquire 'whether the right was clearly established such that a reasonable person in the defendant's position would have known that his or her conduct violated that right' ") (citation omitted).

Defendants first argue that Mr. Whitington "fails to demonstrate that Defendants violated his constitutional rights." (*See* Defendants' Combined Motion to Dismiss (doc. # 187) at p. 11 of 16).  On a motion to dismiss, Mr. Whitington has no obligation to "demonstrate" that Defendants violated a constitutional right.  The court believes this argument is also foreclosed by the Tenth Circuit's determination that "the allegations of Mr. Whitington's complaint . . . state an Eighth Amendment claim for the prolonged denial of hygiene products as a result to the pursuit of constitutionally protected litigation with its associated expenses." *Whitington v. Ortiz*, 307 Fed. Appx. at 189.

Defendants next argue that their conduct did not violate clearly established law. When evaluating whether the law is clearly established by a Supreme Court or Tenth Circuit decision on point or the clearly established weight of authority from other courts,

> there need not be a case on all fours, with materially identical facts, . . . A principle of constitutional law can be clearly established even if there are notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct at issue violated constitutional rights.

*Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1277 (11th Cir. 2004) (internal quotation marks and citations omitted).  "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).  "Although earlier cases involving fundamentally similar facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding. . . . [T]he salient question . . . is whether the state of the law [at the time of the conduct] gave respondents fair warning that their alleged treatment of [plaintiff] was unconstitutional." *Id.*

The Tenth Circuit noted that "the district court, justifiably, relied on decisions from our court and other courts, which were adverse to inmate plaintiffs bringing remarkably similar challenges to department of corrections regulations and practices." *Whitington v. Ortiz*, 307 Fed. Appx. at 188.  However, the Tenth Circuit determined that "[e]ach of those cases is distinguishable largely due to vague, inapposite or inadequate factual allegations in the complaints." *Id.*  While it acknowledged a body of law adverse to Mr. Whitington's Eighth Amendment challenges, the Tenth Circuit determined that those decisions were fairly distinguishable based on Mr. Whitington's specific allegations.  Based on the Tenth Circuit's determination that Mr. Whitington's allegations were distinguishable from the established law contrary to his claims, this court cannot conclude on a motion to dismiss that Defendants' conduct did not violate clearly established law.[3]

---

[3]    The Tenth Circuit did indicate that "[i]n the category of deliberate indifference and qualified immunity," questions remain "as to the culpable mental state of corrections personnel who are simply following regulations, who can see on the computer that Mr. Whitington received money during the month and, presumably, chose not to buy hygiene products with it." *Whitington v. Ortiz*, 307 Fed. Appx. at 195.  Mr. Whitington notes that "[t]he correctional staff in the housing units and the case managers have no involvement in any inmates['] litigation" and that "[t]he Defendants had no or little knowledge of his litigation, the type of litigation and never denied him hygiene items for that reason." (*See* Response (doc. # 195) at pp. 5, 7 of 10).  Thus, the defense of qualified immunity is not foreclosed at some later stage of the proceedings.

5.      Defendant Sgt. Harding

Defendant Sgt. Harding may be dismissed based on Mr. Whitington's failure to provide proof of service of the summons and complaint within 120 days after the filing of the complaint.  Mr. Whitington added Sgt. Harding as a Defendant with the filing of the Second Amended Complaint on March 31, 2009. (*See* doc. # 161).  As Mr. Whitington is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, on April 16, 2009 the court ordered service of the Second Amended Complaint by the United States Marshal. (*See* doc. # 165).  Pursuant to the court's "Second Order Granting Service by United States Marshal," a representative of the U.S. Marshal attempted to serve Sgt. Harding.  On April 21, 2009 the court was notified that Sgt. Harding was no longer employed by the CDOC and was provided a Post Office Box number as a forwarding address. (*See* doc. # 168; *see also* doc. # 194 (U.S. Marshal unable to serve Sgt. Harding at P.O. Box)).  Based on the information before the court, Defendant Sgt. Harding cannot be served at the address provided by Mr. Whitington.  Nor can personal service be accomplished at a Post Office Box address.

Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without prejudice as to any defendant who has not been served within 120 days of the filing of the action:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. . . .

Approximately six months have passed since the filing of the Second Amended Complaint naming Sgt. Harding and the record before the court indicates that Sgt. Harding has not been served with a summons and complaint in this action.  To date, Sgt. Harding has not filed with the Clerk of the Court a signed waiver of service or otherwise appeared in this civil action.

While an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint, there is no indication in this

12

case that the U.S. Marshal or the Clerk of the Court have failed to perform their duties to serve Sgt. Harding.  The U.S. Marshal has attempted service at the address provided by Mr. Whitington.   Personal service cannot be accomplished at the Post Office Box forwarding address.  The court need not require the U.S. Marshal or the Clerk of the Court to search for Sgt. Harding.   As Mr. Whitington has not provided proof of service of the summons and complaint on Sgt. Harding within 120 days after the filing of the complaint, Sgt. Harding is properly dismissed from this civil action pursuant to Rule 4(m) for failure to effect service and pursuant to D.C. COLO. LR 41.1 for failure to prosecute.

Accordingly, IT IS RECOMMENDED that:

1.   "Defendants' Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss Plaintiff's Second Amended Complaint" (filed May 26, 2009) (doc. # 187), as applied to the Third Amended Complaint (doc. # 180) be GRANTED IN PART to the extent that:

a.   Mr. Whitington's claims for damages against Defendant Zavaras in his official capacity be dismissed pursuant to Rules 12(b)(1) and 12(b)(6);

b.   Mr. Whitington's claims against Defendant Zavaras in his official capacity be permitted to proceed only as to possible injunctive relief;

c.   Mr. Whitington's claims against Defendant Zavaras in his individual capacity be dismissed;

d.   Defendant Sgt. Harding be dismissed from this civil action pursuant to Rule 4(m) for failure to effect service and pursuant to D.C. COLO. LR 41.1 for failure to prosecute; and

be DENIED IN PART in all other respects.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 16th day of September, 2009.

BY THE COURT:


___s/Craig B. Shaffer_____
United States Magistrate Judge