**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Action No. 06-cv-00759-LTB-CBS

MICHAEL WHITINGTON,

       Plaintiff,

v.

DON LAWSON;
AL ESTEP;
SGT. HARDING;
SGT. OLSEN;
C/O BARNS;
LT. JOHN CORDOVA;
LT. ADELMAN;
SGT. KAUFFMAN;
LT. LUCERO-CANNON;
SGT. HUFF; and
ARISTEDES ZAVARAS;

       Defendants.
_____

**ORDER**
_____

This prisoner mistreatment case is before me on Defendants' Objections to Magistrate's Recommendation [**Docket # 221**]. Pursuant to 28 U.S.C. § 636(b)(1), I conducted *de novo* review of the facts, law, and objections to the recommendation. The underlying motion and objections to the Magistrate's recommendation are adequately briefed and oral argument would not materially aid their resolution. For the reasons set forth below, I approve and adopt the Magistrate Judge's recommendation in part and disapprove it in part.

**I.  BACKGROUND FACTS**

The relevant facts alleged in the Third Amended Complaint [**Docket #**

**180**]—erroneously referred to as the Second Amended Complaint in Defendants' Motion to Dismiss [**Docket # 187**]—are as follows. Plaintiff is an inmate at the Sterling Correctional Facility ("Sterling") of the Colorado Department of Corrections ("CDOC"). While an inmate at Sterling and other CDOC facilities, Plaintiff incurred debt with the CDOC for postage and fees related to his *pro se* prosecution of post conviction claims, *habeas* claims, and other civil claims. Because of this debt, Plaintiff often had insufficient funds in his prisoner account to afford hygiene items such as toothpaste, razors, and soap. Plaintiff requested these items be given to him for free, but CDOC officials denied his request. As a result of these denials, Plaintiff suffered injuries including tooth and gum infections, a lost tooth, and a staph infection on his face. Plaintiff alleges under 42 U.S.C. § 1983 that the denial of free access to the hygiene items was cruel and unusual punishment, and the CDOC policy regarding the deduction of postage expenses and fees from his prisoner account forced him to choose between accessing the courts, receiving medical treatment, or receiving adequate hygiene supplies each month.

Defendants moved to dismiss Plaintiff's claims under Rules 12(b)(1) and 12(b)(6), as well as on grounds of qualified immunity [**Docket # 187**]. I referred Defendants' motion to the Magistrate Judge for recommendations. On September 16, 2009, the Magistrate Judge recommended the damages claims against Defendant Zavaras in his official capacity be dismissed pursuant to Rules 12(b)(1) and 12(b)(6); the other claims against Defendant Zavaras in his official capacity be permitted to proceed only as to possible injunctive relief; the claims against Defendant Zavaras in his individual capacity be dismissed for lack of personal participation; and the claims against Defendant Harding be dismissed for failure to effect service and failure to prosecute. [**AR 217**]. The Magistrate Judge otherwise recommended the

remaining claims be allowed to proceed.

On *de novo* review, I conclude that the Magistrate Judge's recommendation is incorrect to the extent it did not grant the motion to dismiss on the basis of qualified immunity. As I conclude Plaintiff fails to allege any Defendant sued in an individual capacity violated a clearly-established constitutional right, all claims against Defendants in their individual capacities should be dismissed with prejudice under the doctrine of qualified immunity. In all other respects, I conclude the Magistrate Judge's recommendation is correct.

## II.  STANDARD OF REVIEW

The doctrine of qualified immunity shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law. *See Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). This qualified immunity inquiry requires analysis of two distinct questions: (1) whether—taken in the light most favorable to the plaintiff as the party asserting the injury—the plaintiff alleges sufficient facts to show the public official's conduct violated plaintiff's constitutional rights; and (2) whether the constitutional right alleged to be violated was clearly established at the time of the alleged violation in a sufficiently analogous factual setting. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001), *abrogated in part by Pearson*, 129 S. Ct. 808. While it is often desirable to proceed initially with the first prong, a finding of qualified immunity may be appropriate on either question. *See Pearson*, 129 S. Ct. at 818.

The determination of whether a right was clearly established within a sufficiently analogous factual setting must be made within the specific context of the case, not as a broad general proposition. *Saucier*, 533 U.S. at 201; *see also Medina v. City and County of Denver*, 960 F.2d 1493, 1497 (10th Cir. 1992). "Ordinarily, in order for the law to be clearly established,

there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina*, 960 F.2d at 1498. This does not mean the prior case law must have precisely the same facts, however, but rather requires a particularized inquiry to determine whether the contours of the right were sufficiently defined by prior case law such that "a reasonable official would understand what he is doing violates that right." *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation." *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004).

If both inquiries can be met in the affirmative, then the defendant is not entitled to qualified immunity. *See Saucier*, 533 U.S. at 201. For purposes of a motion to dismiss based on qualified immunity, therefore, a plaintiff must allege sufficient facts to show he plausibly, not just speculatively, meets both inquiries. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). A plaintiff must "make clear exactly *who* is alleged to have done *what* to *whom* . . . as distinguished from collective allegations against the state." *Id*. at 1249–50 (emphasis in original). Mere conclusory allegations are insufficient. *See id*.

### III. ANALYSIS

At this point in the case, the Tenth Circuit has established that Plaintiff sufficiently alleges a constitutional violation. *See Whitington v. Ortiz*, 307 F. App'x 179, 189 (10th Cir. 2009). Accordingly, Defendants argue only that Plaintiff has failed to show the right alleged to be violated was clearly established at the time of the alleged violation in a sufficiently analogous factual setting. I agree.

The relevant inquiry in a qualified immunity case is whether the right was clearly established at the time the alleged violation occurred. *See Holland v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001). Qualified immunity exists so long as reasonable officials in the same situation as the defendants could disagree on the appropriate course of action to follow. *See id.* The burden of showing a right was clearly established at the time of the conduct at issue is a heavy one. *See Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). The Magistrate Judge, however, pointed to no case law—other than the January 13, 2009, decision of the Tenth Circuit in this case—indicating that a constitutional violation was even alleged, much less clearly established. As the conduct at issue all occurred prior to January 13, 2009, it was error for the Magistrate Judge to rely on that decision to conclude that Plaintiff met his burden.

The Tenth Circuit's January 13, 2009, holding in this matter strongly indicates that—at the time of the alleged acts—Defendants' conduct was not clearly unconstitutional. Indeed, the Tenth Circuit specifically noted that "decisions from our court and other courts . . . were adverse to inmate plaintiffs bringing remarkably similar challenges to department of corrections regulations and practices." *See Whitington*, 307 F. App'x at 188. While the Tenth Circuit ultimately distinguished these cases "largely due to vague, inapposite or inadequate factual allegations in the complaints," the Tenth Circuit noted that the district court's reliance on these prior cases was "justifi[ed]." *See id.* It is antithetical to the purpose of qualified immunity to hold prison officials to a burden higher than that to which a district court is held. *See Malley v. Briggs*, 475 U.S. 335, 345–46 (1986). If the district court was justified in relying on these "remarkably similar" cases to define the scope of constitutional conduct, so too were the Defendants in this case.

Moreover, the burden of showing a constitutional violation was clearly established rests squarely on the shoulders of the plaintiff. *See Albright*, 51 F.3d at 1534. Rather than put Plaintiff to his burden, however, the Magistrate Judge concluded that—because Defendants failed to show the violation was not clearly established—dismissal was inappropriate. The Magistrate Judge's conclusion effectively put the burden on Defendants to show the right was *not* clearly established, rather than—as mandated by the Tenth Circuit and the Supreme Court—put the burden on Plaintiff to show the right *was* clearly established. This, too, was error. *See Holland*, 268 F.3d at 1186 ("If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity").

## IV.  CONCLUSION

Accordingly, Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint [**Docket # 187**] is GRANTED in part and DENIED in part as follows:

1. All damages claims against Defendant Zavaras in his official capacity are DISMISSED WITH PREJUDICE pursuant to Rules 12(b)(1) and 12(b)(6);

2. All claims against Defendant Zavaras in his individual capacity are DISMISSED WITH PREJUDICE pursuant to Rule 12(b)(6);

3. All claims against Defendant Harding are DISMISSED WITH PREJUDICE for failure to effect service and failure to prosecute;

4. All claims against all other Defendants in their individual capacities are DISMISSED WITH PREJUDICE on grounds of qualified immunity;

5. The motion is otherwise DENIED;

6. Still remaining in this case are those claims against Defendant Zavaras in his

official capacity that seek injunctive relief.

Dated: October   29  , 2009.

BY THE COURT:

  s/Lewis T. Babcock  
Lewis T. Babcock, Judge