IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00759-LTB-CBS

MICHAEL WHITINGTON,
        Plaintiff,
v.

ARISTEDES ZAVARAS,
        Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on: (1) Mr. Whitington's "Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Rule 65(a) & (b) Fed. R. Civ. P." (filed September 23, 2009) (doc. # 218); and (2) "Defendant's Motion for Summary Judgment" (filed February 19, 2010) (doc. # 251). Pursuant to the Order of Reference dated February 7, 2007 (doc. # 44) and the memorandum dated May 27, 2009 (doc. # 188), this matter was referred to the Magistrate Judge. The court has reviewed the Motions, Defendants' Response (filed October 26, 2009) (doc. # 232), the exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises.[1]

I.     Statement of the Case

Mr. Whitington is currently incarcerated at the Sterling Correctional Facility ("SCF") of the Colorado Department of Corrections ("CDOC") in Sterling, Colorado. Defendant

---

[1]    Mr. Whitington's response to Defendant Zavaras' Motion was initially due on March 26, 2010. (*See* Minute Order (doc. # 253)). On March 24, 2010, the court mailed an additional copy of Defendant Zavaras' Motion to Mr. Whitington and extended the due date for his response to April 26, 2010. (*See* Order (doc. # 256); Certificate of Service (doc. # 257)). On April 29, 2010, the court granted Mr. Whitington's request for an extension of time to May 3, 2010 to file his response to Defendant Zavaras' Motion. (*See* docs. # 259, # 261). As of this date, Mr. Whitington has not filed his response with the court.

Zavaras is the CDOC Executive Director.  Mr. Whitington alleges pursuant to 42 U.S.C. § 1983 that: (1) "Defendants['] denial of hygiene items to plaintiff was cruel and unusual punishment, violating the Eighth Amendment;" and (2) "the CDOC's indigent, inmate pay, inmate banking, hygiene purchasing, legal copies and postage, and medical costs policies force the plaintiff to cho[o]se between accessing the courts, accessing medical care or receiving ample hygiene supplies each month."  (*See* Third Amended Complaint ("TAC") (doc. # 180) at pp. 6, 14 of 18).  Mr. Whitington contends that he was and is unable to pay for hygiene items out of his prison income after the CDOC debits his prison account to pay for restitution, medical care, legal photocopies, and legal postage.  He therefore requested free basic hygiene products from prison officials, who refused his requests pursuant to CDOC policy. As a result, Mr. Whitington maintains that he was without hygiene products for extended periods of time, and alleges that this caused him to suffer infection and the loss of a tooth.

Proceeding *pro se*, Mr. Whitington filed his initial Complaint on or about April 20, 2006.  (*See* doc. # 3).  On July 17, 2006, at the direction of the court (*see* "Order Directing Plaintiff to File an Amended Complaint and to Show Cause" (doc. # 6)), Mr. Whitington filed his Amended Prisoner Complaint ("Amended Complaint") (doc. # 15).  On August 4, 2006, the District Court dismissed the Amended Complaint for failure to exhaust administrative remedies.  (*See* "Order and Judgment of Dismissal" (doc. # 17)).  On January 25, 2007, the Tenth Circuit Court of Appeals reversed the District Court's decision dismissing the Amended Complaint and remanded to the District Court.  *See Whitington v. Ortiz*, 472 F.3d 804 (10th Cir. 2007).  On remand, on October 1, 2007, the District Court adopted the Recommendation of the Magistrate Judge and dismissed the Amended Complaint for failure to state a claim upon which relief could be granted, among other rulings.  (*See* Order (doc. # 126)).  On January 13, 2009, the Tenth Circuit Court of Appeals affirmed in part, reversed in part, and remanded to the District Court for further proceedings.  *See*

*Whitington v. Ortiz*, 307 Fed. Appx. 179 (10th Cir. 2009).

After the second remand, Mr. Whitington twice amended his pleadings.  On March 31, 2009, the court granted Mr. Whitington's Motion to Amend and Supplement the Plaintiff's Complaint and accepted Mr. Whitington's Second Amended Complaint for filing. (*See* Order (doc. # 160); Second Amended Complaint (doc. # 161)).  On May 5, 2009, the court granted Mr. Whitington's Motion to Amend the Plaintiff's Prisoner Complaint and accepted Mr. Whitington's TAC for filing.  (*See* Order (doc. # 179); TAC (doc. # 180)).  On October 29, 2009, the District Court approved and adopted in part and disapproved in part the Recommendation of the Magistrate Judge on Defendants' Motion to Dismiss Plaintiff's TAC and dismissed all claims and Defendants from the TAC except "those claims against Defendant Zavaras in his official capacity that seek injunctive relief."  (*See* Order (doc. # 233)).

Mr. Whitington seeks prospective injunctive relief against Defendant Zavaras in the form of a "permanent injunction . . . to supply the plaintiff with ample soap, toothpaste, t[oo]thbrush and razors . . ." and an order "to change their indigent policies" to provide hygiene items at no cost.  (*See* TAC (doc. # 180) at p. 18 of 18).  Without citing any of the Federal Rules of Civil Procedure, Defendant Zavaras has moved for summary judgment on the remainder of the case that seeks injunctive relief against him in his official capacity, arguing mootness.

II.     Defendant's Motion for Summary Judgment

A.      Standard of Review

Fed. R. Civ. P. 56 empowers the court to render summary judgment in an action where "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law."

> The purpose of a summary judgment motion is to assess whether trial is necessary.  If a reasonable juror could not return a verdict for the non-moving

party, summary judgment is proper and there is no need for a trial.  Summary judgment is not proper if – viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor – a reasonable jury could return a verdict for the nonmoving party.

*Werden v. Allstate Ins. Co.*, 667 F. Supp 2d 1238, 1239-40 (D. Colo. 2009) (citations omitted).


B.      Analysis

Defendant Zavaras argues that the remainder of Mr. Whitington's case is moot as a result of the CDOC'S voluntary change of its policy regarding hygiene items.  The CDOC policy regarding hygiene items was amended effective December 15, 2009.  Administrative Regulation ("AR") 850-14 (IV) (D) currently provides:

D.      Hygiene kits may be issued regardless of indigency status.  The offender will sign a miscellaneous withdrawal slip for the kit and his/her offender account shall be debited. Offenders will be allowed to overdraw their account to purchase a hygiene kit.
1.      A maximum of one hygiene kit, per week, may be purchased.
. . .
2.      Hygiene kits will not be denied regardless of an offender's account balance.

(*See* AR 850-14 (Exhibit A to Defendant's Motion for Summary Judgment (doc. # 251-1)) at p. 2 of 5).  Thus, Mr. Whitington is provided with hygiene items regardless of his ability to pay.  Mr. Whitington acknowledges that

At the end of January 2009 the Tenth Circuit [C]ourt of appeals remanded the Plaintiff[']s cases to the District Court for further proceedings in Whitington v. Lawson, 06-cv-00759.  Shortly thereafter, the CDOC changed their Indigent policy allowing inmates to obtain hygiene items regardless if they had money on their accounts or not and regardless if the inmate was classified as indigent per the indigent policy.

(*See* "Motion for Temporary Restraining Order and Preliminary Injunction . . ." (doc. # 218) at p. 2 of 14).  Further, the evidence indicates that Mr. Whitington has been issued and possesses an ample supply of hygiene items.  (*See* Exhibits B and C to Defendant's Motion for Summary Judgment (doc. # 251-2) (canteen receipts for 6 bars of soap and one tube of toothpaste between January 6, 2010 and February 10, 2010) (doc. # 251-3) (inventory

of Mr. Whitington's cell indicating his possession of three bars of soap, one and a half tubes of toothpaste and two toothbrushes on November 4, 2009)).

"The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). "A federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Id.* (internal quotation marks and citation omitted). "[A]n actual controversy must be extent at all stages of review, not merely at the time the complaint is filed." *Id.* (internal quotation marks and citation omitted).

"The mootness doctrine derives from Article III's requirement that federal courts decide only actual cases between litigants." *United States v. Dominguez-Carmona*, 166 F.3d 1052, 1055 (10th Cir. 1999), *overruled on other grounds, United States v. Meyers*, 200 F.3d 715, 721-22 (2000). When a case is moot, federal courts lack power to review it, because to do so would result in an advisory opinion prohibited by Article III. *Id.*; *see also Jones v. Temmer*, 57 F.3d 921, 922 (10th Cir. 1995) (citing *Preiser v. Newkirk*, 422 U.S. at 401).

"A case becomes moot when events occur which resolve the controversy underlying it." *Dominguez-Carmona*, 166 F.3d at 1055.

> Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction. This requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome. Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte. When a party seeks only equitable relief, as here, past exposure to alleged illegal conduct does not establish a present live controversy if unaccompanied by any continuing present effects. In these circumstances, the party must demonstrate a good chance of being likewise injured in the future.

*McClendon v City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (internal quotation marks and citations omitted). *See also Transwestern Pipeline v. F.E.R.C.*, 897 F.2d 570, 575 (D.C. Cir. 1990) ("A case is moot if events have so transpired that the decision will

neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.").

"When there is a voluntary cessation of a policy," a claim will be rendered moot where "there is no reasonable expectation that the wrong will be repeated." *Sutton v. Rasheed*, 323 F.3d 236, 248-49 (3d Cir. 2003). *See also Southern Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997) ("[i]f an event occurs while a case is pending that heals the injury and only prospective relief has been sought, the case must be dismissed"). Here, Mr. Whitington's request for injunctive relief falls squarely within the mootness doctrine, as any injunctive relief directed to Defendant Zavaras would have no practical impact now that the indigent policy regarding hygiene items has been changed. Defendant Zavaras is under no obligation to provide the specific relief sought by Mr. Whitington, as it has already been provided by the change in CDOC policy. No need exists for this court to issue an injunction when prison authorities have voluntarily changed the allegedly unconstitutional practice. *See, e.g.*, *Kellogg v. Shoemaker*, 46 F.3d 503, 507 (6th Cir. 1995) (changes in parole procedures rendered moot plaintiffs' challenges to former procedures); *Tucker v. Phyfer*, 819 F.2d 1030, 1034 n. 3 (11th Cir. 1987) (mootness usually requires dismissal "because of events occurring after the plaintiff filed suit" such that "any relief the court might grant would be of no utility to the plaintiff"); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."); *Perez v. Secretary of Health, Education, and Welfare*, 354 F. Supp. 1342, 1346 (D.P.R. 1972) (a request for injunctive relief is generally moot where "the question presented for decision seeks a judgment upon a matter which, even if the sought judgment were granted, could not have any practical effect upon the parties"); *Shimabuku v. Britton*, 503 F.2d 38, 44 (10th Cir. 1974) (rewritten prison regulations mooted inmates' claim for injunctive relief because "it thus appears that appellants have already received everything for which they asked and

which could in any event have been granted"), *abrogated in part on other grounds*, 455 U.S. 624, 632-33 (1982).

Nor is this the type of claim to which an exception to the mootness doctrine applies, as there is no reasonable expectation that Mr. Whitington will be subjected to this conduct again. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (recognizing exception to the mootness doctrine where there is a "reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party") (internal quotation marks and citation omitted). *See also City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) ("[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality.").

In sum, Mr. Whitington's claims for declaratory and injunctive relief are moot in light of CDOC's change of its policy to allow inmates to obtain hygiene items regardless of their indigency status.

III.    Mr. Whitington's Motion for Temporary Restraining Order and Preliminary Injunction

Mr. Whitington alleges that in July of 2009 he was warned that the amount of documents he possessed in his cell exceeded that permitted by CDOC regulations. (*See* "Motion for Temporary Restraining Order and Preliminary Injunction . . ." (doc. # 218) at p. 3 of 14). Mr. Whitington was directed to either send the documents to an attorney or destroy them. (*See id.*). Over the next week, Mr. Whitington was reminded to reduce the amount of documents in his cell. (*See id.*). On July 31, 2009, Mr. Whitington informed a prison official that he would not reduce the amount of documents he possessed and "that the officers were going to need to take them if they wanted him to get rid of the documents." (*See id.*). Mr. Whitington claims that on August 1, 2009, prison officials entered his cell and confiscated and removed numerous documents and other property.

(*See id.* at pp. 3–4).  Mr. Whitington seeks the return of that property.  (*See id.* at p. 3).

A.      Standard of Review

A temporary restraining order may be granted only if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant."  Fed. R. Civ. P. 65(b).  A moving party must demonstrate certain prerequisites for temporary or preliminary injunctive relief:

> (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

*Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001).  A moving party may have an "even heavier burden" of showing a compelling basis for injunctive relief where the requested preliminary injunction would disturb the status quo, is mandatory as opposed to prohibitory, or would provide the moving party with substantially all the relief he may recover after a full trial on the merits.  *Kikumura*, 242 F.3d at 955.  The relief sought by Mr. Whitington would alter rather than preserve the status quo and would constitute a mandatory injunction.  "Such disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005) (internal quotation marks and citation omitted).

B.      Analysis

1.      Substantial Likelihood of Success on the Merits

In light of the issues raised by Defendant Zavaras' Motion for Summary Judgment and discussed by the court in this Recommendation, Mr. Whitington has not demonstrated a substantial likelihood of success on the merits of the case.  As the court is recommending

that summary judgment be granted in favor of Defendant Zavaras on the remainder of the case on the basis of mootness, the court finds that Mr. Whitington fails to demonstrate a sufficient likelihood of success on the merits.

2.      Irreparable Harm

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."  *Schrier v. University of Colorado*, 427 F.3d 1253, 1267 (10th Cir. 2005) (citation omitted).  Even "serious or substantial harm is not irreparable harm."  *Schrier*, 427 F.3d at 1267 (internal quotation marks and citation omitted).  "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance."  *Schrier*, 427 F.3d at 1267.  "[B]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (internal quotation marks and citation omitted).  "The party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm."  *Schrier*, 427 F.3d at 1267 (internal quotation marks and citation omitted).

Mr. Whitington claims that documents obtained through discovery, court pleadings and medical records related to this and other cases he is currently litigating were among the documents confiscated.  (*See* doc. # 218 at p. 10 of 14).  As they relate to this action, Mr. Whitington claims that medical records showing that he "suffered from Staph infection, experienced tooth loss and gum serjury [sic] due to the lack of hygiene items for 466 days" were among the documents confiscated.  (*See id*.).  However, all except "those claims against Defendant Zavaras in his official capacity that seek injunctive relief" have been

dismissed.  (*See* Order (doc. # 233)).  Mr. Whitington fails to specify what particular documents he needs to pursue the remaining claims against Defendant Zavaras in his official capacity in this civil action.  As to Mr. Whitington's remaining claims seeking prospective injunctive relief against Defendant Zavaras, Mr. Whitington does not demonstrate that the confiscated documents are material or even in dispute.  Mr. Whitington has not presented sufficiently specific facts to show that he will suffer irreparable injury if his request for preliminary injunction is denied.

3.     Balance of Harms

Mr. Whitington claims the confiscation of his documents will impair his ability to litigate his claims.  (*See* doc. # 218 at p. 10 of 14).

Possession of property by offenders in the custody of the CDOC is governed by AR 850-06.  Offenders are allowed to have a 2.0 cubic foot box for legal papers which is available through the CDOC Canteen.  (*See* AR 850-06(IV)(E)(3)(a), Exhibit A to Defendants' Response to Motion (doc. # 232-2)).  "In the interest of effective property management and fire safety concerns, facilities shall limit the amount of personal legal papers that an offender may maintain in his/her possession to a maximum of two cubic feet." (*See id.*).  "It is the offender's responsibility to determine what legal papers he/she will retain to comply with this restriction." (*See id.*).

Mr. Whitington acknowledges that his documents "have exceeded the 2 cubic foot legal box since 2007." (*See* Motion (doc. # 218) at p. 11 of 14).  Mr. Whitington acknowledges that he was given the opportunity to sort through his documents and that he refused.  (*See* doc. # 218) at p. 3 of 14).  Mr. Whitington argues that because the regulation was not previously enforced on his legal property, it should not have been enforced in 2009.  (*See* doc. # 218).  That Mr. Whitington was afforded numerous opportunities to reduce his legal property and he refused to comply with prison regulations does not provide

a basis for the injunctive relief he seeks.  Mr. Whitington has not demonstrated that the alleged harm to him outweighs the potential damage the requested injunction may cause to the safety and management of the prison facility.

4.     Public Interest

Next, Mr. Whitington must demonstrate that "the injunction, if issued, would not be adverse to the public interest." *Schrier,* 427 F.3d at 1258.  "[P]rison rules permitting inmates two-cubic feet of legal materials in their cells [are] 'reasonable and necessary for orderly maintenance of the facility and proper security.' " *Green v. Johnson*, 977 F.2d 1383, 1390 (10th Cir. 1992).  The requested injunctive relief would allow Mr. Whitington to possess legal documents in excess of CDOC regulations.  Injunctive relief that countermands prison regulations that serve the safety and security of the institution is clearly adverse to the public interest.  Indeed, courts "must accord substantial deference to the professional judgment of prison administrators, who bear significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). Mr. Whitington has not demonstrated that the injunctive relief he seeks would not be adverse to the public interest.

In sum, Mr. Whitington has failed to satisfy his burden of demonstrating the four prerequisites for a temporary restraining order or preliminary injunctive relief.  Mr. Whitington's request for injunctive relief is properly denied.

Accordingly, IT IS RECOMMENDED that:

1.     Mr. Whitington's "Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Rule 65(a) & (b) Fed. R. Civ. P." (filed September 23, 2009) (doc. # 218) be DENIED.

2.      "Defendant's Motion for Summary Judgment" (filed February 19, 2010) (doc. # 251) be GRANTED and judgment on the Third Amended Complaint (doc. # 180) be entered in favor of Defendant Zavaras and against Plaintiff.

3.      No further claims or Defendants remaining in the case, this civil action be dismissed.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980

F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 20th day of May, 2010.

BY THE COURT:

_____s/Craig B. Shaffer_____
United States Magistrate Judge